**Nancy FELDER, Appellant,**

v.

**Isaac PINCKNEY, Appellee.**

**No. 4145.**

District of Columbia Court of Appeals.

Argued Feb. 26, 1968.

Decided July 24, 1968.

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellant.

H. Alan Young, Washington, D. C., with whom William R. Lichtenberg and Joseph Luria, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge:

Appellee Pinckney was the owner of a building which he rented to Searles and Boston who operated a restaurant in it. Appellant was an employee of the restaurant. While going from the kitchen to the pie counter, appellant fell through an opened trap door and was injured. The trap door had been left opened by Hagood who was removing trash from the basement. Appellant brought this action against Pinck-

ney on the theory that he had employed Hagood to remove the trash. The trial centered on the issue of whether Hagood had been employed by Pinckney or by Searles. The only evidence offered by appellant to sustain her contention that Hagood was employed by Pinckney was her testimony that after she fell and had crawled back up the ladder from the basement and was sitting on the floor, Hagood was standing there and when she accused him of causing her fall, he said: "Well, don't talk to me. Tell Mr. Pinckney. He is the one that hired me." [1]

Hagood denied making such a statement. He testified he was an independent contractor who was occasionally employed by Searles to do odd jobs at the restaurant, and that on the occasion in question he was employed by and paid by Searles. Searles testified to the same effect, and Pinckney testified he had never employed Hagood to do any work at the restaurant.

At the conclusion of the evidence, the trial court directed a verdict in favor of Pinckney. This appeal questions the correctness of that ruling.

If the statement of Hagood that Pinckney had hired him was inadmissible, there was no evidence on which a jury could place responsibility on Pinckney and the directed verdict would be proper. Appellant, relying on Murphy Auto Parts Co. v. Ball, 101 U.S.App.D.C. 416, 249 F.2d 508 (1957), cert. den. 355 U.S. 932, 78 S.Ct. 413, 2 L.Ed.2d 415 (1958), argues that Hagood's statement was admissible under the excited utterance exception to the hearsay rule.

In *Murphy Auto Parts* it was held that an excited utterance is admissible if there was an exciting event and the utterance was prompted by the exciting event without time to reflect, and that the utterance need not necessarily explain or illuminate the exciting event. Accordingly it was held that the statement of an agent, uttered at the time of an automobile accident, to the effect that he was on an errand for his employer, expressly found by the trial court to have been an excited utterance, was admissible and supported a jury verdict, even though the agent denied making the statement and both he and his employer testified his duties were inside clerical work and he was not authorized to use his personal car for company business.

Appellee argues that *Murphy Auto Parts* is not applicable here. He attempts to distinguish that case from the present one on the ground that in *Murphy Auto Parts* the fact of agency was conceded and the excited utterance was used only to establish that the agent at the time of the occurrence was acting in the course of his employment, whereas in the present case the excited utterance was used in an attempt to prove the fact of agency itself. We are unable to see a logical distinction between the two cases. In the first case, the agency was conceded and the vital question was whether the agent was acting as agent at the time of the occurrence. In the present case it was conceded that Hagood was agent for someone and the vital question was for whom he was acting. In both cases the excited utterance was essential to establish liability of the principal.

■ We hold that the statement was properly admitted, provided the trial court found it was "truly a spontaneous, impulsive expression excited by the event." [2] The record does not show expressly that the court so found. When appellant was first questioned about any conversation with Hagood, appellee's counsel objected and there was an unreported bench conference, and later the question was permitted. We therefore assume that the state-

---

1. A co-worker of appellant, not present on the day of the fall, testified that on previous occasions she had seen Pinckney bring Hagood into the restaurant to do plumbing repair work in the kitchen.

2. 101 U.S.App.D.C. at 419, 249 F.2d at 511.

ment was properly admitted, and come to the question whether in view of its admission the trial court could properly direct a verdict against appellant.

In directing the verdict the trial court made a number of "findings of fact." Of course it is not within the province of a court in a jury case to make findings of fact on a motion for a directed verdict. Some of the findings of fact appear to have been mere recitals of undisputed facts and could be ignored; but the court went further and after repeating appellant's testimony concerning the statement by Hagood, said: "I reject that testimony." Then the court proceeded to find as a fact that Pinckney did not hire Hagood and that Searles did hire him. Thus the court attempted to determine the basic issue of fact in the case. That determination should have been submitted to the jury.

On a motion for new trial, the court stated it felt there was insufficient evidence to go to the jury, but it added that it reached that conclusion partially on the fact that it felt that the testimony of appellant and her co-worker was not worthy of belief. The credibility of the witnesses was a matter for the jury and not for the court.

There must be a new trial, but our decision is not to be taken as holding that on the new trial the testimony of appellant concerning Hagood's statement must necessarily be admitted. As was pointed out in *Murphy Auto Parts* the question of whether a statement is admissible as an excited utterance is essentially a question for the trial court, and where, as here, the utterance is not descriptive of the exciting event, the fact that it relates to a past event must be considered as a factor in determining whether it is truly an utterance prompted by the exciting event without time to reflect.

Reversed with instructions to grant a new trial.